## Commonwealth of Pennsylvania, Appellant, *v.* Renya.

*Criminal law—Indeterminate sentence—Release on parole—Act of June 19, 1911, P. L. 1055, as amended by Act of June 29, 1923, P. L. 975; Act of June 19, 1911, P. L. 1059, enlarged by Act of May 5, 1921, P. L. 379.*

The Act of June 19, 1911, P. L. 1059, enlarged by the Act of May 5, 1921, P. L. 379, authorizing the judges of the quarter sessions and of the oyer and terminer to release on parole any convict confined to the county jail or workhouse, contains no restriction prohibiting the exercise of the power to parole at any time during the prisoner's sentence.

Where a prisoner, convicted of a crime for which the court in its discretion might have sentenced him to the penitentiary, is given an indeterminate sentence in the county jail, the court has authority to parole the prisoner before the expiration of the minimum term.

The Act of June 19, 1911, P. L. 1055, as amended by the Act of June 29, 1923, P. L. 975, providing that a prisoner sentenced to the penitentiary may, within three months of the expiration of his minimum term, apply to the board of inspectors of the penitentiary for his release on parole, does not apply to a convict sentenced to a county prison for an offense for which he might have been sent to the penitentiary.

Submitted April 11, 1927.    Appeal No. 124, October T., 1927, by Commonwealth of Pennsylvania from decree of Q. S. Philadelphia County, March Sessions, 1925, No. 869, paroling defendant in the case of Commonwealth of Pennsylvania v. Anthony Renya. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.    Affirmed.

Petition to release on parole under provisions of Acts of June 19, 1911, P. L. 1059, and May 5, 1921, P. L. 379, a prisoner who had been convicted of assault and battery, aggravated assault and battery and assault and battery with intent to kill, and given an indeterminate sentence in the county jail. Before GORDON, JR., J.

The opinion of the Superior Court states the facts.

The court ordered that the prisoner be paroled. Commonwealth appealed.

*Error assigned* was the decree of the Court.

*John H. Maurer,* Assistant District Attorney, and *Charles Edwin Fox,* District Attorney, for appellant. —The court had no authority to release the defendant on parole: Commonwealth v. Kaminski, 72 Pitts. 766; Commonwealth v. Sweeney, 281 Pa. 550; Commonwealth v. Kelman, 4 Pa. D. & C. Rep. 525; Re Prison Inspectors, 4 Pa. D. & C. Rep. 482; Commonwealth v. Roberts, 6 Pa. D. & C. Rep. 342.

No appearance and no printed brief for appellee.

OPINION BY LINN, J., July 8, 1927:

The Commonwealth appeals from an order paroling a prisoner. He pleaded guilty to an indictment charging assault and battery, aggravated assault and battery and assault and battery with intent to kill his wife by shooting and wounding, and on March 25, 1925, was sentenced to "imprisonment by separate or solitary confinement at labor in the Philadelphia County Prison for a term of not less than three and one-half years nor more than seven years ......" The maximum term was authorized by section 81 of the Crimes Act of March 31, 1860, P. L. 382, 403, providing "imprisonment by separate or solitary confinement at labor not exceeding seven years."

On March 1, 1927, the prisoner's wife filed a petition in the court in which her husband had been sentenced, alleging that an existing illness prevented her continuing in the employment in which she had been engaged; that she had three dependent children whose ages ranged from seven to fourteen; that she was without means; that prior to the assault for which her husband was indicted he had had a good record; that

his former employers were willing to re-employ him at once, for which reasons she asked that the court parole her husband. The district attorney filed an answer, denying none of the allegations of petitioner, but averring that the defendant had not served the minimum term of three and one-half years, and asserting that the court was without authority to parole the prisoner before the expiration of that period. The petition was granted, and the prisoner was paroled.

When the prisoner was called for sentence, the court, under legislation regulating the manner of sentencing convicts in certain cases, of which this was one, was required to exercise discretion concerning the sentence to be imposed. Under section 1 of the parole and probation act of June 19, 1911, P. L. 1055, the court might have suspended sentence on terms and conditions specified: Com. ex rel. Wilhelm v. Morgan, 278 Pa. 395; Com. v. Carelli et al., 90 Pa. Super. Ct. 416; or under section 2, fined him and put him on probation; or under section 6 (amended June 29, 1923, P. L. 975) sentenced him for an indefinite term, the minimum not exceeding one-half of the maximum. The court also had the option of sentencing to the penitentiary or to the county jail. This statute "undertook to regulate, not the law which fixed the punishments, but the sentencing of convicts, and the method of releasing them on parole. The purpose ...... was to regulate the control and discipline of persons convicted of crimes with a view to their reformation. Under these acts the court can sentence in such manner as to give the offender an opportunity to secure a release on parole upon certain conditions within the control of the prison authorities when recommended by the board of pardons and approved by the governor ......": Com. v. Kalck, 239 Pa. 533, 540. If sentenced under section 6, the prisoner was excluded by the terms of the act from the benefit of the commutation allowed by the act of

May 11, 1901, P. L. 166. These considerations indicate distinguishing features variously classifying punishments that may be imposed; see Com. v. Sweeney, 281, Pa. 551, 555. .

The parole and probation act of June 19, 1911, P. L. 1055, amended June 29, 1923, P. L. 975, provided that a prisoner sentenced to the penitentiary may within three months of the expiration of his minimum term apply to the board of inspectors of the penitentiary for his release on parole, and specified the proceedings to be had on that application: sections 8 to 15. But that act contains no provision for the parole of a convict sentenced to the county prison for an offense for which he might have been sent to the penitentiary. At the same time, however, June 19, 1911, P. L. 1059, (enlarged by the act of May 5, 1921, P. L. 379) the Legislature authorized the judges of the quarter sessions and the oyer and terminer to release on parole any convict confined to the county jail or workhouse. There is no restriction in this second Act of 1911, P. L. 1059, prohibiting the court from exercising the power to parole at any time during the term of a prisoner's sentence, thus differing from the parole provision open to prisoners in the penitentiary.

It is apparent, then, that in one class of imprisonments the prisoner sentenced to the penitentiary under the act of 1911, P. L. 1055, as amended in 1923, P. L. 975, may apply for parole to the board of inspectors of the penitentiary in accordance with that act, while in the other class of imprisonments, to be served in the county prison, prisoners are entitled to the parole privilege provided in the second act' of 1911, (P. L. 1059); this distinction is expressly made in the amendment of June 29, 1923, P. L. 975, in the following proviso: "That nothing herein contained shall be construed to derogate from the power of the judges of the courts of quarter sessions and of the courts of

oyer and terminer, or other court of record having jurisdiction, of the several judicial districts of the Commonwealth, after due injury [inquiry?] to release on parole any convict confined in the county jail, house of correction, or workhouse of their respective districts, as provided in" sec. 1 of an act of June 19, 1911, P. L. 1059. Such classification is within the power of the Legislature: Com. v. Sweeney, 281 Pa. 551, 560.

This classification of imprisonments is also recognized in the transfer act of July 11, 1923, P. L. 1044, regulating the transfer and retransfer of persons confined in the penitentiary to prisons, workhouses, etc., section 4 providing that "Such person or persons as may be so transferred or retransferred shall be subject to the same term of imprisonment as that imposed upon them at the time of sentence under the law, as attached to sentence at the time the same was imposed, either as to parole or as to commutation by reason of good behavior ......"

The sentence to the county prison instead of the penitentiary placed Renya's imprisonment in the second class described. The provisions of the parole and probation acts are as much a part of his sentence as if written into it. The sentence to the county prison therefore included a provision that after due inquiry, the court was authorized to parole him at any time pursuant to the act of 1911, P. L. 1059.

As the only point determined below and brought here for review is whether the court after due inquiry may before the expiration of the minimum term, parole a prisoner sentenced to the county prison in the circumstances specified, we all agree that it was correctly decided.

The order is affirmed.