## Commonwealth ex rel. v. Burke, Warden

*Laurence Focht*, p. p., for relator
*E. Arnold Forrest*, for respondent.

KNIGHT, P. J., March 1, 1949.—Relator was sentenced to undergo imprisonment in the Eastern State Penitentiary, for a term of not less than five years, or more than ten years.

He began serving this sentence on July 19, 1938.

He was paroled by the Pennsylvania Board of Parole on August 5, 1943, and on February 1, 1948, pleaded guilty in the court of quarter sessions of this county, to driving a motor vehicle without the consent of the owner, and was sentenced to pay the costs, a fine of $100, and to imprisonment for 12 days in the Montgomery County Jail.

On February 19, 1948, relator was recommitted to the Eastern State Penitentiary as a parole violator, and his maximum sentence fixed to expire on February 2, 1953.

Relator contends that he is illegally detained because 10 years expired from the date he began serving his present sentence, namely, July 19, 1938.

In other words, he argues that the Parole Board had no authority to deprive him of his "good time", that is, the period between August 5, 1943, and February 6, 1948, when he was on parole and not delinquent, and that this time should be taken into consideration in determining the date when his maximum term expires.

He first contends that the Act of August 6, 1941, P. L. 861, creating the Pennsylvania Board of Parole, is unconstitutional, but this act has been declared a constitutional piece of legislation by our Supreme Court in Commonwealth ex rel. Banks v. Cain, 345 Pa. 581. It is true it is said by way of dicta in the opinion, that section 21 of the act is unconstitutional insofar as it gives the Pennsylvania Board of Parole the power to extend the period of parole beyond the maximum term imposed by the court. Here, however, the period of parole or imprisonment is not extended beyond the maximum *term* imposed by the court unless relator is given credit for the time he was on parole and not delinquent.

Relator as we see it, is not being detained under the provisions of the Act of 1941, supra, but under the terms of section 10 of the Probation Act of June 19, 1911, P. L. 1055, as amended by the Act of June 22, 1931, P. L. 862, sec. 1.

Section 10 of the Act of 1911, as amended, reads:

"If any convict released on parole, as provided for in this act, shall, during the period of his or her parole, or while delinquent on said parole, commit any crime punishable by imprisonment for which he or she is at any time thereafter convicted in any court of record and sentenced to any place of confinement other than the penitentiary from which he or she was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be com-

pelled, by detainer and remand as for an escape, to serve in the penitentiary from which said convict had been released on parole, or in any other institution to which he or she may be legally transferred, the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole, and if not in conflict with the terms and conditions of the same as granted by the Governor; but, if sentenced to the penitentiary from which said convict was released on parole, then the service of the remainder of the said term originally imposed shall precede the commencement of the term imposed for said crime. If no new sentence is imposed for such crime or crimes, punishable by imprisonment, committed during period of parole, or while delinquent on parole, for which he or she has been convicted in any court of record, either by plea or trial, said convict shall be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which said convict had been released on parole, or any other institution to which he or she may be legally transferred, the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing the parole, and if not in conflict with the terms and conditions of the same as granted by the Governor."

The language of this section has been construed to mean that the convict is not entitled to receive credit for the time he was on parole before he became delinquent: Commonwealth ex rel. Meinzer v. Smith, 118 Pa. Superior Ct. 250 (1935), Commonwealth ex rel. v. Smith, Warden, 323 Pa. 89 (1936).

While there is language in the opinion in Commonwealth ex rel. Banks v. Cain, supra, which might be construed to throw some doubt on the validity of the above cases, we are constrained to follow them.

And now, March 1, 1949, the writ of habeas corpus is dismissed, and relator remanded to the custody of the Warden of the Eastern State Penitentiary.

An exception is allowed relator.