## Commonwealth ex rel. Meinzer *v.* Smith, Warden.

Argued March 15, 1935.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Herbert L. Maris,* with him *Shalon Ralph,* for relator.

*Thomas I. Guerin,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for respondent.

OPINION BY BALDRIGE, J., July 18, 1935:

The relator, a parole violator, presented a petition alleging that he is unjustly confined in the Eastern Penitentiary and praying that a writ of habeas corpus be granted. The application was resisted by the Attorney General of the Commonwealth.

It is unnecessary to recite the relator's rather long criminal record, the sentences imposed following convictions, and the violation of paroles. It is sufficient to state that on March 13, 1928, he pleaded guilty to the charge of burglary committed while on parole. He was sentenced to the penitentiary for not more than six nor less than three years. No dates were given when the sentence should start or end. By reason of this new conviction he was returned to the penitentiary to serve first as a parole violator. According to the contention of the Commonwealth, he will have completed, on March 28, 1937, service of the maximum term of the sentence imposed March 13, 1928; but under the

computation of the relator, his term expired January 9, 1934.

The question before us is: Where the parole of a prisoner sentenced to a state penitentiary has been revoked for the commission of another crime, can he be imprisoned for a further period equaling the remainder of the maximum sentence not served when the parole was granted, without allowance of credit for the time he was out on parole and not delinquent; or must he be discharged at the expiration of the maximum period, computed from the date of sentence?

The answer to the question depends upon the interpretation of Section 10 of the Act of June 19, 1911, P. L. 1055, as finally amended June 22, 1931, P. L. 862, §1 (61 PS §305), which is a substantial reenactment of the original act. It provides that if any convict released on parole shall, during the parole period, commit any crime and be sentenced to any place of confinement other than the penitentiary from which he was released on parole, he shall, in addition to the penalty imposed for such crime committed during the parole, and after expiration of the same, be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which he had been released on parole or in any other institution to which he may be legally transferred, "the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole;" but if sentenced to the penitentiary from which he was released on parole, then the service of the remainder of the term originally imposed shall precede the commencement of the term last imposed.

From the passage of the original indeterminate sentence Act of May 10, 1909, P. L. 495 (19 PS §1081 et seq.), to the present, time on parole has not been considered by the penitentiary authorities as service of part of the maximum term, unless the whole period

was served without violation. A convict returned for a breach of parole may be reparoled if sent back for a mere violation of parole regulations, but he is deprived of further parole if returned for commission of a crime.

The relator asserts that a paroled convict continues in the custody of the penitentiary authorities, as when he is released he is under their rules imposing limitations on his actions, etc., and, therefore, he is serving time; that in any event the meaning of the statute is so uncertain and ambiguous that the prisoner should have the benefit of any doubt: Com. v. West Phila. F. Mannerchor, 115 Pa. Superior Ct. 241, 175 A. 434.

There are authorities which support this main contention, among which are Ex parte Prout (Idaho), 86 P. 275; Crooks v. Sanders (S. C.), 115 S. E. 760. Many of the decisions, however, are in jurisdictions where the statute expressly provides that a parole violator shall serve the balance of the maximum sentence, computed from the date of the violation of the parole. The weight of authority is to the contrary in jurisdictions where the statutes are similar to ours. The text in 46 C. J. 1210, §81, under the subject of Pardons, states:

"There is a conflict of authority on the question whether a prisoner whose parole has been revoked can be imprisoned for a period of time equaling the balance of the sentence not served at the time of the granting of the parole, some courts holding that that period of time must be served, and others holding that the prisoner must be discharged at the expiration of the period of time for which he was sentenced. By force of a number of statutes, a prisoner whose parole has been revoked must serve the remainder of his sentence without any allowance for the time he was out on parole, and under some others the convict when rearrested must be imprisoned for a period equal to the

unexpired term of his sentence at the time his delinquency is declared. ......"

Com. v. Minor (Ky.), 241 S. W. 856, has an exhaustive discussion of this subject, wherein a number of cases are cited sustaining the rule that where a convict has secured his release from imprisonment upon certain conditions contained in the parole, upon the violation of the parole, he is compelled to undergo so much of the original sentence as he had not served at the time of his release on parole. In Anderson v. Corall, 263 U. S. 193, the prisoner was allowed to go out on parole under the Act of June 25, 1910 (36 Stat. at L. 819, chap. 387), §6, which provides that if the parole is revoked "the said prisoner shall serve the remainder of the sentence originally imposed." The Supreme Court, reversing the Circuit Court of Appeals (279 F. 822), held that the parole authorized by the statute does not suspend the service or operate to shorten the term. See, also, Halligan v. Marcil, 208 F. 403.

Under our statute, as above observed, if the parole is violated, the parolee is compelled, by detainer and remand, as for an escape, to serve in the penitentiary from which he had been released on parole "the remainder of the term (without commutation) which [he] would have been compelled to serve but for the commutation authorizing the said parole." The legal effect of a violation of a parole is on the same plane as an escape from penitentiary: In re Moebus (N. H.), 62 A. 170.

We think it is plain that "remainder of the term" refers to the portion of the sentence actually left on the date of the release on parole and not on the date of violation of the parole. If one is given a sentence in the penitentiary for not more than eight years nor less than four, and is let out on parole at the end of four

years, the term unserved is four years. That remainder is not changed or lessened until it is reduced by further actual service. Ordinarily, a parole does not suspend, set aside or shorten the term of the sentence. It simply gives to the convict the chance to earn, by good conduct, his release from further imprisonment and his restoration to society. While he is released on parole, subject to certain regulations, nevertheless, he is set free from prison restraint and confinement. Certainly, he is not serving time in the penitentiary as contemplated by the sentence imposed.

In construing this statute, we must consider all the language used. The words "without commutation" must be given a meaning that can not be omitted or glossed over. Evidently they are for a definite purpose. We think there is no ambiguity in their meaning, nor can there be a serious question that the intent of the Legislature in using them was that the sentence should not be resumed by giving credit for time on parole because a convict was given an opportunity to be at liberty and to live in obedience to the laws. If he commits another crime, he must pay the penalty in the act for a breach of parole, namely, he must serve the remainder of the time not served, without diminishing his imprisonment by substituting therefor time on parole. We can not conceive of any other construction that can be given this language.

The petition for a writ of habeas corpus is denied.