## Commonwealth ex rel. v. Smith, Warden.

Argued May 18, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Herbert L. Maris,* for petitioner.

*Michael A. Spatola,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Adrian Bonnelly,* Deputy Attorney General, for respondent.

OPINION BY MR. JUSTICE MAXEY, June 26, 1936:

This case comes before us on relator's petition for a writ of habeas corpus filed in this court.

The relator, Horatio Kent, was on March 22, 1924, committed to the Eastern State Penitentiary for a term of not less than one year nor more than six years, for burglary, breaking and entering, larceny and escape. On March 22, 1925, at the expiration of the minimum sentence of one year, he was released on parole. On October 12, 1928, he was arrested at Elmira, New York, charged with burglary, third degree, and petit larceny, and was thereafter convicted and sentenced on December 17, 1928, to ten years' imprisonment at the Auburn State Prison, Auburn, New York. On August 24, 1934, he was discharged in custody of the authorities of Elmira, New York, to stand trial on the charge of grand larceny, second degree, on which charge, on September 5, 1934, he was convicted and sentence suspended; whereupon he was returned to the Eastern State Penitentiary for violation of parole on the original sentence, and there committed to serve the remainder of the unserved maximum sentence, to wit: five years.

Relator's contention is, that, having been at liberty on parole from March 22, 1925, to October 12, 1928, without any infraction of the terms of his parole, that this period of three years, six months and twenty-one days should be credited against the remainder of the maximum sentence unserved at the time of his parole, and that, therefore, upon his recommitment for the parole violation, he was under obligation to serve only one year, five months, and

nine days, and that he therefore should have been released on February 14, 1936.

The respondent contends that the relator, after his return to prison, must serve the entire period of five years, that being the length of his unserved maximum sentence at the time of his release on parole.

The precise question presented by this petition was decided by the Superior Court in *Com. ex rel. Meinzer v. Smith, Warden,* 118 Pa. Superior Ct. 250, 180 A. 179. In that case Judge BALDRIGE, who wrote the opinion for that court, interpreted section 10 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 22, 1931, P. L. 862, as meaning that where the parole of a prisoner sentenced to a state penitentiary has been revoked for the commission of another crime, he may be imprisoned for another period equaling the remainder of the maximum sentence not served when the parole was granted, without allowance of credit for the time he was out on parole and not delinquent. Judge BALDRIGE points out that this section provides "that if any convict released on parole, shall, during the parole period, commit any crime and be sentenced to any place of confinement other than the penitentiary from which he was released on parole, he shall, in addition to the penalty imposed for such crime committed during the parole, and after expiration of the same, be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which he had been released on parole or in any other institution to which he may be legally transferred, 'the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole.' " As Judge BALDRIGE said, "The words 'without commutation' must be given a meaning that can not be omitted or glossed over. . . . There is no ambiguity in their meaning; nor can there be a serious question that the intent of the legislature in using them was that the sentence should not be resumed by giving credit for time on parole be-

cause a convict was given an opportunity to be at liberty and to live in obedience to the laws. If he commits another crime, he must pay the penalty in the act for a breach of parole, namely, he must serve the remainder of the time not served, without diminishing his imprisonment by substituting therefor time on parole."

While it is not necessary to a decision of this case, it may be pointed out that there is a difference between section 10 of the Act of June 22, 1931, supra, which relates to a case like the present one, and section 12 of the Act of June 3, 1915, P. L. 788. This latter act merely deals with the violation by a parolee of parole *rules* as distinguished from the commission by a parolee of a crime while on parole. As Judge BALDRIGE points out in the case above cited: "A convict returned for a breach of parole [under section 12 of the Act of 1915, supra] may be reparoled if sent back for a mere violation of parole regulations, but he is deprived of further parole if returned for commission of a crime."

In view of the unequivocal character of the language used in section 10 of the Act of 1931, supra, which provides that there shall be *no commutation* when a paroled prisoner has been returned to the penitentiary after service of a sentence elsewhere for a crime committed while at large on a parole, it is not necessary to discuss the question raised by the relator as to whether or not a convict out on parole is technically serving his sentence. Relator contends that a paroled convict is to such an extent deprived of his freedom that he should be considered in the eyes of the law as "serving his time." The answer to that argument is that no individual's freedom is absolute and that while a paroled convict is to some extent restricted in his freedom, his life as a paroled convict is, as to his former life within the prison walls, one of comparative freedom. Furthermore, it is clear that when a convict is at liberty on parole, the restraints placed upon him by the Commonwealth are not punitive but reformative in character. Rules circum-

scribing to a degree his activities are imposed upon the parolee to help him form those habits of good conduct which will qualify him as a law-abiding member of society.

Relator's petition for a writ of habeas corpus is denied.