Commonwealth ex rel. Rossey *v.* Ashe, Warden.

**PER CURIAM,** December 13, 1939:

Although this petition is not strictly in the form of a petition for writ of habeas corpus, we will consider it as such. There is no merit in it and the rule must be discharged. The relator was committed to the Western State Penitentiary on November 20, 1933, under a sentence for a minimum period of three years and six months and a maximum period of seven years, imposed by the Court of Quarter Sessions of Erie County, following a verdict of guilty on an indictment charging larceny of an automobile (No. 7 November Sessions 1933).

He was released on parole on July 16, 1938, by authority of the Governor, on recommendation of the Board of Trustees of the penitentiary and the Board of Pardons—to remain on parole until the expiration of his maximum term, November 16, 1940.

During the period of his parole, he was convicted of aggravated assault and battery in the Court of Oyer and Terminer of Venango County, No. 37 April Sessions 1939, and was sentenced by the court on May 5, 1939 to imprisonment in the Western State Penitentiary for not less than one and one-half years nor more than three years, "to be computed from February 23, 1939, date of commitment to jail." He was returned to the penitentiary on May 10, 1939.

Subsequently, to wit, on May 31, 1939, and within the term at which the sentence of May 5, 1939 was imposed—which did not end until the fourth Monday of August 1939—the court being apprised of the fact that

the relator at the time he committed the aggravated assault and battery of which he had been convicted, was on parole from a prior sentence to said Western State Penitentiary, modified the same, nunc pro tunc, so as to read that the term of imprisonment imposed was "to be computed from the expiration of sentence defendant must serve for violation of parole. Committed to Venango County Jail February 23, 1939."

The modified sentence was in strict accord with section 10 of the Act of June 19, 1911, P. L. 1055, as amended by Act of June 22, 1931, P. L. 862, which provides as follows [1]:

"If any convict released on parole, as provided for in this act, shall, during the period of his or her parole, or while delinquent on said parole, commit any crime punishable by imprisonment for which he or she is at any time thereafter convicted in any court of record and sentenced to any place of confinement other than the penitentiary from which he or she was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which said convict had been released on parole, or in any other institution to which he or she may be legally transferred, the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole, and if not in conflict with the terms and conditions of the same as granted by the Governor; but, if sentenced to the penitentiary from which said convict was released on parole, then the service of the remainder of the said term originally imposed shall precede the commencement of the term imposed for said crime."

The last clause above quoted is here applicable, and

---

[1] The act was wrongly copied by relator in his petition.

it directs that if the defendant is sentenced to the same penitentiary from which he as a convict was released on parole—as was the case here—then the *service of the remainder of said term* originally imposed *shall precede the commencement* of the term imposed for the later crime.

The court committed no error, which requires action by this court on habeas corpus proceedings, in modifying the sentence, within the term, so as to comply with the provision of the statute. See *Com. ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 198 A. 812.

The rule is discharged and the petition is denied.