Commonwealth ex rel. Lerner *v.* Smith, Warden.

Argued December 8, 1942. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Herbert L. Maris,* for relator.

*Franklin E. Barr,* Assistant District Attorney, and *John H. Maurer,* District Attorney, for respondent.

OPINION BY RHODES, J., January 28, 1943:

A petition for writ of habeas corpus was presented to this court by the relator Jack Lerner. Rule was granted upon the Attorney General of the Commonwealth of Pennsylvania, the District Attorney of the County of Philadelphia, and the Warden of the Eastern State Penitentiary to show cause why a writ of habeas corpus should not issue. Answers were filed by the district attorney and the warden.' Written briefs were presented and the matter was orally argued.

The questions involved arise out of the following facts which are not in dispute: On July 20, 1934, relator, in the Court of Quarter Sessions of Philadelphia County, pleaded nolo contendere to the following bills of indictment: No. 139, December Sessions, 1933,—Sodomy; No. 140, December Sessions, 1933,—Sodomy; No. 692, July Sessions, 1934,—Solicitation to commit sodomy; No. 693, July Sessions, 1934,—Assault and battery, aggravated assault and battery, and assault and battery with intent to ravish.

On bill No. 139, he was sentenced as of July 20, 1934, to the Eastern State Penitentiary for a period of not less than four years nor more than eight years in separate or solitary confinement. He did not receive sentence on the other bills.

On October 20, 1938, relator was released on parole after serving four years and three months of his sentence. On January 30, 1939, while on parole, a true bill of indictment, No. 995, January Sessions, 1939, in the Court of Quarter Sessions of Philadelphia County, was found against him in which he was charged with solicitation to commit sodomy. On February 1, 1939, a jury returned a verdict of guilty on this bill, but a new trial was granted. On February 8, 1939, relator was brought to trial under the same indictment and a verdict of guilty was again returned. On the same day he was sentenced to undergo imprisonment in separate or soli-

tary confinement in the Eastern State Penitentiary for a period of not less than two and a half years nor more than five years, to be computed from January 24, 1939, the date of his commitment.

Relator avers in his petition that on July 2, 1942, he made application for parole to the Pennsylvania Board of Parole on the sentence imposed on bill No. 995, January Sessions, 1939, on the ground that two and one-half years of the sentence had expired on July 24, 1941. He further avers that service of the unexpired term of the original sentence, three years and nine months, was completed on October 24, 1942, and that his application was denied by the board for the reason that sentence imposed on bill No. 995, January Sessions, 1939, did not run concurrently with service of the remainder of the original sentence imposed on bill No. 139, December Sessions, 1933.

The contention of relator in brief is that the Act of May 28, 1937, P. L. 1036, 19 PS §894 et seq., repealed or modified section 10 of the Act of June 19, 1911, P. L. 1055, as last amended by the Act of June 22, 1931, P. L. 862, §1, 61 PS §305; and that sentence on bill No. 995 ran concurrently with the unexpired term of the original sentence.

We shall not recite again the legislative history of section 10 of the Act of 1911 and the amendments thereto, 61 PS §305, which relate to service of the unexpired original term after conviction for a crime committed during parole. See *Narcise v. Eastern State Penitentiary,* 137 Pa. Superior Ct. 394, 399, 400, 9 A. 2d 165; *Com. ex rel. Wall v. Smith et al.,* 345 Pa. 512, 29 A. 2d 912. It suffices to say, as finally amended by the Act of June 22, 1931, P. L. 862, section 10 of the Act of 1911, 61 PS §305, provides that: (1) Where a convict is legally sentenced for a crime committed during his parole to the penitentiary from which he has been released on parole, the unexpired portion of his

original sentence is to be served before he commences to serve the sentence imposed for the crime committed while on parole; (2) where a convict is convicted of a crime committed while on parole and sentenced to any place of confinement other than the penitentiary from which he was released on parole, he serves in the penitentiary, or in any other institution to which he may be legally transferred, the unexpired portion of the original sentence after the expiration of the new sentence; (3) where a convict while on parole commits a crime, punishable by imprisonment, and is convicted but not sentenced, he is compelled, by detainer and remand as for an escape, to serve the unexpired portion of the original sentence in the penitentiary from which he was released on parole or any other institution to which he may be legally transferred. See *Com. ex rel. Dorillo v. Smith,* 144 Pa. Superior Ct. 265, 269, 19 A. 2d 757; *Com. ex rel. Rossey v. Ashe,* 137 Pa. Superior Ct. 525, 10 A. 2d 95; *Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 252, 180 A. 179; *Com. ex rel. Kent v. Smith,* 323 Pa. 89, 186 A. 812. Section 10 of the Act of 1911, as amended, 61 PS §305, is printed in the margin.[1]

---

[1] "If any convict released on parole, as provided for in this act, shall, during the period of his or her parole, or while delinquent on said parole, commit any crime punishable by imprisonment for which he or she is at any time thereafter convicted in any court of record and sentenced to any place of confinement other than the penitentiary from which he or she was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which said convict had been released on parole, or in any other institution to which he or she may be legally transferred, the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole, and if not in conflict with the terms and conditions of the same as granted by the Governor; but, if sentenced to the penitentiary

If the Act of May 28, 1937, P. L. 1036, 19 PS §§894, 895, 896, did not repeal or modify section 10 of the Act of 1911, as amended, 61 PS §305, relator, since he was committed after conviction to the same penitentiary from which he was released on parole, was required to serve the unexpired portion of the sentence on bill No. 139, December Sessions, 1933, before serving his sentence on bill No. 995, January Sessions, 1939. It is conceded that section 10 of the Act of 1911, as amended, 61 PS §305, mandatorily provides that the two sentences cannot run concurrently. See *Com. ex rel. Wall v. Smith et al.*, supra; *Com. ex rel. Stauffer v. Ashe*, 141 Pa. Superior Ct. 407, 15 A. 2d 409.

The Act of 1937, supra, is an act "Regulating and prescribing the computation and running of sentences for criminal offenses." It reads as follows: "Section 1. ...... From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be

---

from which said convict was released on parole, then the service of the remainder of the said term originally imposed shall precede the commencement of the term imposed for said crime. If no new sentence is imposed for such crime or crimes, punishable by imprisonment, committed during period of parole, or while delinquent on parole, for which he or she has been convicted in any court of record, either by plea or trial, said convict shall be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which said convict had been released on parole, or any other institution to which he or she may be legally transferred, the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing the parole, and if not in conflict with the terms and conditions of the same as granted by the Governor."

computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.

"Section 2. The date of commitment referred to in section one of this act, shall be the date of the last commitment for the offense for which the sentence is imposed.

"Section 3. If the sentence imposed shall be to any penitentiary or prison other than that in which the person sentenced shall have been held in custody, it shall be the duty of the court to state in the sentence the date of commitment of such person."

Section 4 contains the usual clause repealing all inconsistent acts and parts of acts.

The two acts do not cover the same subject matter, and they are not repugnant in any of their provisions. See *Com. v. Gross,* 145 Pa. Superior Ct. 92, 95, 96, 21 A. 2d 238. This is quite apparent and may be readily demonstrated.

As a general rule, in the absence of a statute, the sentence imposed begins to run from the date of imposition. 2 Sadler, 2d Ed., §653, p. 767; 15 Am. Jur., Criminal Law, §449; *Com. ex rel. Cox v. Ashe,* 146 Pa. Superior Ct. 365, 370, 22 A. 2d 606. By section 1 of the Act of 1937, 19 PS §894, sentence begins to run and is computed from the date of commitment, in default of bail or otherwise, for the offense on which the convict is sentenced. Thus he is given what is equivalent to a credit on his sentence for the period of actual imprisonment before imposition of sentence. It is to be noted that sentence does not begin to run from the date when the principal is delivered into the custody of his sureties instead of being committed to prison. The statute continues by providing that if the person sentenced shall then be *undergoing imprisonment* under a sentence for any other offense or offenses the court shall have discretion to compute the sentence either from the date of

imposition or from the expiration of the previous sentence or sentences. In this event no credit is given for the period of imprisonment before the second or subsequent conviction as the individual is already *in prison* under sentence imposed for other offense or offenses, and not *outside* under the technical custody of the state and under the supervision of parole officers. See *Com. ex rel. Wall v. Smith,* supra. The latter part of section 1 of the Act of 1937, 19 PS §894, would apply, for example, where a person is serving a sentence in prison and is convicted while so detained for another crime which had been committed prior to his original sentence, or which was committed while serving his sentence in prison.[2] Under such circumstances there would be no date of commitment from which the new sentence could be computed, but the court would have the discretion to direct that the second term should begin at the expiration of the first or run concurrently with the first from the date of imposition of the second.

It is argued in behalf of relator that parole is imprisonment, and that the Act of 1937, supra, therefore applies to parole. Our Supreme Court has recently held in *Com. ex rel. Banks v. Cain,* 345 Pa. 581, 28 A. 2d 897, in an opinion by Mr. Justice STERN, that parole, while a provisional release from confinement, is, in legal effect, imprisonment,[3] but we find no reason to

---

[2] Except escape or prison breach. See section 309 of the Act of June 24, 1939, P. L. 872, 18 PS §4309; section 3 of the Act of March 31, 1860, P. L. 382, 18 PS §251. For this offense service of sentence after the original sentence is mandatory. See *Com. ex rel. McGinnis v. Ashe* (1938), 330 Pa. 289, 199 A. 185.

[3] In *Anderson v. Corall,* 263 U. S. 193, 196, 44 S. Ct. 43, 44, 68 L. Ed. 247, cited as authority for that statement, there appears immediately thereafter the following: "The sentence and service are subject to the provision of section 6 [18 U.S.C.A. §719], that if the parole be terminated, the prisoner shall serve the remainder of the sentence originally imposed without deduction for the time he was out on parole." Section 10 of the Act

conclude that the Act of 1937 applies to parole. We think it is manifest that that act has nothing to do with parole, and that it does not conflict with the statutes relating to the parole of prisoners: Act of June 19, 1911, P. L. 1055, as amended, 19 PS §1051 et seq., 61 PS §302 et seq.; Act of August 6, 1941, P. L. 861, 61 PS §331.1 et seq. It is equally clear that the words "then ...... undergoing imprisonment" mean actually in prison at the time of another conviction, and not outside of prison walls on parole. The purpose of the Act of 1911, as amended, was to provide that a parolee who committed another crime while on parole must pay the penalty by service of the remainder of the original term without commutation *(Com. ex rel. Meinzer v. Smith,* supra), and not concurrently with any other sentence. By the Act of 1937, 19 PS §894, the Legislature intended that sentence should be computed from the date of commitment for the offense and not from the date of imposition of sentence which could occur in the absence of statute. In allowing credit for the time served prior to the date of imposition of sentence the Legislature did not otherwise interfere with the inherent power of the courts to sentence convicts. See *Com. ex rel. McGinnis v. Ashe,* supra, pp. 291, 292; *Russel v. Commonwealth,* 7 Serg. & R. 489.

The position of a parolee is quite different from that of a prisoner, and the Legislature, as disclosed by the respective acts, apparently had this distinction in mind. In *Narcise v. Eastern State Penitentiary,* supra, 137

of 1911, as amended, 61 PS §305, has the same force and effect, and if a convict released on parole commits another crime, as provided in the act, he must serve the remainder of the maximum sentence not served when the parole was granted without allowance of credit for the time he was out on parole and not delinquent. *Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 180 A. 179; *Com. ex rel. Kent v. Smith,* 323 Pa. 89, 91, 186 A. 812; *Kinsella v. Board of Trustees et al.,* 340 Pa. 497, 503, 17 A. 2d 882.

Pa. Superior Ct. 394, at page 400, 9 A. 2d 165, at page 167, in an opinion by President Judge KELLER, we said: "The parolee has been given, as an act of grace, a conditional opportunity to reenter society and rehabilitate himself. If he breaks faith with society by again committing crime he shows the trust in him to have been misplaced, and because of his breach of condition, he is required to serve the maximum term of his original imprisonment, without commutation. But a prisoner in jail has not been given any conditional privilege of reentering society, and if while so confined he commits a crime, the sentence imposed for that additional crime is deemed adequate punishment for it. If, during his imprisonment, he violates the rules of the prison, his parole may be delayed or refused; if he commits a crime, his eventual release is, at the least, postponed by the sentence imposed for that crime."

Relator's parole was not revoked until February 8, 1939, when he was found guilty and sentenced on bill No. 995, January Sessions, 1939, and returned to the penitentiary. The court in imposing sentence was obliged to compute it from the date of commitment, January 24, 1939. See section 3 of the Act of 1937, 19 PS §896. Upon relator's return to Eastern State Penitentiary on February 8, 1939, he had to serve the balance (three years, nine months) of his original sentence, which expired on November 8, 1942.[4] Two and one-half years of his sentence on bill No. 995, January Sessions, 1939 (giving credit for the time spent in jail from the date of commitment to the date of his return to the penitentiary) will expire on April 24, 1945.

Writ is refused.

---

[4] The power of the Pennsylvania Parole Board to reparole under such circumstances is not involved and has not been considered. See section 21 of the Act of August 6, 1941, P. L. 861, 61 PS §331.21.