Commonwealth ex rel. O'Leary *v.* Ashe, Warden.

Opinion by Keller, P. J., April 30, 1943:

The petitioner, Lawrence O'Leary's sentence for breaking and escaping the penitentiary—No. 513 April Sessions 1925, Allegheny County—imposed April 21, 1925, to-wit, imprisonment for not less than six years nor more than twelve years, "to begin and take effect at the expiration of any sentence or sentences the defendant may now be serving", was illegal, in so far as it exceeded the sentence he was serving when he escaped. This was the sentence on No. 56 November Term, 1923, for five to ten years in the Western State Penitentiary. It will accordingly be reduced to not less than five years nor more than ten years, to begin and take effect at the expiration of sentences to Nos. 56 and 57 November Term 1923,[1] which as amended and

---

[1] Sentences on Nos. 58 and 55, and Nos. 206, 208, 210 and 211 November Term, 1923 ran concurrently with Nos. 56 and 57.

modified amounted in the aggregate to not less than eight years nor more than sixteen years.

By an error of practice, which has frequently been referred to by the Supreme Court and this court, the penitentiary authorities mistakenly entered these three sentences as one sentence having a minimum of the combined minimum sentences and a maximum of the combined maximum sentences, and he was paroled after serving eight years and nine months of imprisonment, and was released on such parole on January 30, 1933.

While out on parole, he was sentenced in Allegheny County on verdicts of guilty upon indictments charging the entering of buildings with intent to commit a felony as follows: September 27, 1934, No. 764 June Sessions 1934, to not less than ten years or more than twenty years imprisonment in said penitentiary, to begin and take effect at the expiration of any sentence the defendant is to serve for violation of parole; September 28, 1934, No. 763 June Sessions 1934, to not less than ten years or more than twenty years to begin and take effect at the expiration of sentence imposed at No. 764 June Sessions 1934.

These sentences were double the maximum sentence then in force (Act of March 13, 1901, P. L. 49, 18 PS §3042) for the crime of 'felonious entry'. The indictments made no reference to a second offense or second conviction, as was necessary under section 182 of the Act of March 31, 1860, P. L. 382, (*Com. v. Payne,* 242 Pa. 394, 89 A. 559), and under section 6 of the Act of May 10, 1909, P. L. 495, (*Com. ex rel. Hennessy v. Smith, Warden,* 328 Pa. 308, 309, 196 A. 3).

The District Attorney contends that they were warranted by the Act of April 29, 1929, P. L. 854, secs. 1 & 5; and that it is of no importance that it was not stated in the sentences that they were imposed under the provisions of that act. *Com. ex rel. Cody v. Smith,*

*Warden,* 327 Pa. 311, 314-5, 193 A. 38, supports that position.

In any event, the application is premature at this time. When relator was committed on September 28, 1934 under sentence on No. 764 June Sessions 1934, he had to serve one year and three months of his sentence on No. 56 November Sessions 1923. This was to be followed by three to six years on No. 57, and five to ten years on No. 513 April Sessions 1925. This would make a minimum of nine and one-quarter years and a maximum of seventeen and one-quarter years to serve before his sentence on No. 764 June Sessions 1934 would begin; to be followed by his sentence on No. 763. Even if those sentences should not have exceeded five to ten years each, his *actual release* on parole could not be granted until ten years after December 28, 1943. (Act of June 22, 1931, P. L. 862, p. 863).

The time the prisoner is out on parole is not regarded as *imprisonment, to be credited on his sentence or sentences,* when he is recommitted for conviction of a crime while out on such parole: *Com. ex rel. Lerner v. Smith, Warden,* 151 Pa. Superior Ct. 265, 270-272, 30 A. 2d 347; *Anderson v. Corall,* 263 U. S. 193, 196.

The court in sentencing a prisoner to imprisonment is not required to observe a recommendation of mercy in the verdict of the jury. It may, with its better knowledge of the prisoner's record, impose the maximum penalty.

The sentence to No. 513 April Sessions 1925, Allegheny County, is ordered corrected as above.

In other respects the petition is denied as premature.