## Commonwealth ex rel. Carmelo, Appellant, v. Burke.

Submitted October 5, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John P. Carmelo,* appellant, in propria persona.

*Ralph B. Umsted,* Deputy Attorney General, for appellee.

OPINION BY RHODES, P. J., January 12, 1951:

This is an appeal by relator from an order of the Court of Common Pleas of Montgomery County sustaining the validity of section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, and dismissing relator's petition for writ of habeas corpus.

It appears that relator was convicted of attempted robbery in the Court of Quarter Sessions of Berks County (No. 14, December Sessions, 1940); and that he was sentenced on March 27, 1941, to a term of not less than two years nor more than seven years in the Eastern State Penitentiary. The effective date of this sentence was March 29, 1943, due to the violation of a previous parole. On July 20, 1943, the two year minimum of the sentence at No. 14, December Sessions, 1940, was commuted to a period of five months which expired on. August 29, 1943. On the latter date relator was paroled. On June 4, 1944, relator was arrested for violation of the Mann Act; he was subsequently convicted in the United States District Court for the Eastern District of Pennsylvania; and on October 5, 1944, that court imposed a sentence of two years to be served concurrently with service of the sentence at No. 14, December Sessions, 1940. Relator's parole on August 29, 1943, having been violated by the commission of the federal offense, relator was recommitted to the penitentiary on October 5, 1944.

It is relator's contention that his maximum sentence at No. 14, December Sessions, 1940, expired on March 29, 1950, seven years after its effective date. The Pennsylvania Board of Parole, however, calculates the expiration date of his sentence to be May 5, 1951. He

is allowed credit for the five months served prior to parole, but he is denied credit for the time he was out on parole, to wit, from August 29, 1943, to October 5, 1944. This is in accordance with section 10 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 22, 1931, P. L. 862, §1, 61 PS §305. See *Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 267, 268, 30 A. 2d 347.

Relator acknowledges that the Pennsylvania Board of Parole has correctly calculated the expiration date of his maximum sentence under section 10 of the Act as it has been interpreted by the Supreme Court and this Court. Our courts have consistently held that, under section 10 of the Act of 1911, as amended, where the parole of a prisoner sentenced to the penitentiary is terminated upon conviction of another crime committed while on parole, the prisoner shall be imprisoned for the remainder of the term or original sentence not served when the parole was granted; and that no credit may be allowed for the time he was out on parole and not delinquent. *Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 180 A. 179; *Com. ex rel. Kent v. Smith,* 323 Pa. 89, 186 A. 812; *Narcise v. Board of Trustees, Eastern State Penitentiary,* 137 Pa. Superior Ct. 394, 9 A. 2d 165; *Com. ex rel. Lerner v. Smith,* supra, 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Com. ex rel. O'Leary v. Ashe,* 152 Pa. Superior Ct. 322, 32 A. 2d 36. The provisions of this section are mandatory. *Com. ex rel. McDevitt v. Burke,* 166 Pa. Superior Ct. 194, 197, 70 A. 2d 663.

Relator argues that section 10 of the Act of 1911, as amended, is unconstitutional in that, as construed, it permits the Pennsylvania Board of Parole to extend the maximum of the original sentence for the period such recommitted prisoner was out on parole, and that this conferred power is in contravention of Article V, §1, of the Constitution of Pennsylvania, which pro-

vides that the judicial power of the Commonwealth shall be vested in the various courts therein named and in such other courts as the General Assembly may from time to time establish. The power of the Pennsylvania Board of Parole respecting paroles is conferred by section 17 of the Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.17.

The basic issue presented in the present case is the constitutionality of section 10 of the Act of 1911, as amended, 61 PS §305. Although this section of the Act has been before the various courts of the Commonwealth on numerous occasions, this appears to be the first time that its constitutionality has been directly questioned upon the ground that it provides for an encroachment upon judicial powers in violation of Article V, §1, of our Constitution.

It is relator's position in this respect that the time served by a parolee while on parole and not delinquent constitutes imprisonment, even though of a lesser degree than actual confinement, since the parolee is during such time in the legal custody of the warden and subject to the various conditions of his parole; that his sentence is therefore being served while he is on parole; and that to require him to again serve such time in actual confinement upon recommitment as a parole violator extends the term or duration of his maximum sentence accordingly.

In support of his contention relator relies upon a quotation appearing in the opinion of the Supreme Court in *Com. ex rel. Banks v. Cain*, 345 Pa. 581, 28 A. 2d 897, wherein the Supreme Court upheld generally the constitutionality of the Act which created the Pennsylvania Board of Parole (Act of August 6, 1941, P. L. 861, 61 PS §331.1 et seq.), although indicating its disapproval of two sections thereof which are not here relevant.

In *Com. ex rel. Banks v. Cain,* supra, 345 Pa. 581, 588, 28 A. 2d 897, 901, appears the following quotation from *Anderson v. Corall,* 263 U. S. 193, 196, 44 S. Ct. 43, 68 L. Ed. 247: " 'The parole authorized by the statute does not suspend sentence or operate to shorten the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term . . . . While this is an amelioration of punishment, it is in legal effect imprisonment.' " Both appellate courts of this Commonwealth have held that the time spent on parole does not constitute "imprisonment" to be credited on a convict's sentence where he is recommitted after he has been convicted of the commission of a crime while he is out on parole.

In *Com. ex rel. Meinzer v. Smith,* supra, 118 Pa. Superior Ct. 250, 180 A. 179, the relator contended that a paroled convict continues in the custody of the penitentiary authorities as, upon release, he is subject to certain rules and conditions which impose limitations on his actions, and that consequently the time spent on parole must be credited on his sentence notwithstanding his violation of parole by reason of his commission of a crime during the period thereof. Referring to section 10 of the Act of 1911, as amended, we said, page 254 of 118 Pa. Superior Ct., page 181 of 180 A.: "We think it is plain that 'remainder of the term' refers to the portion of the sentence actually left on the date of the release on parole and not on the date of violation of the parole . . . . That remainder is not changed or lessened until it is reduced by further actual service. Ordinarily, a parole does not suspend, set aside or shorten the term of the sentence. It simply gives to the convict the chance to earn, by good conduct, his release from further imprisonment and his restoration to society. While he is released on parole, subject to certain regulations, nevertheless, he is set

free from prison restraint and confinement. Certainly, he is not serving time in the penitentiary as contemplated by the sentence imposed."

In *Com. ex rel. Kent v. Smith,* supra, 323 Pa. 89, 186 A. 812, the question presented was the same as that decided in *Com. ex rel. Meinzer v. Smith,* supra, 118 Pa. Superior Ct. 250, 180 A. 179, and the Supreme Court, in reaching the same conclusion as this Court, said, page 92 of 323 Pa., page 813 of 186 A.: "In view of the unequivocal character of the language used in section 10 of the Act of 1931, supra, which provides that there shall be *no commutation* when a paroled prisoner has been returned to the penitentiary after service of a sentence elsewhere for a crime committed while at large on a parole, it is not necessary to discuss the question raised by the relator as to whether or not a convict out on parole is technically serving his sentence. Relator contends that a paroled convict is to such an extent deprived of his freedom that he should be considered in the eyes of the law as 'serving his time.' The answer to that argument is that no individual's freedom is absolute and that while a paroled convict is to some extent restricted in his freedom, his life as a paroled convict is, as to his former life within the prison walls, one of comparative freedom. Furthermore, it is clear that when a convict is at liberty on parole, the restraints placed upon him by the Commonwealth are not punitive but reformative in character. Rules circumscribing to a degree his activities are imposed upon the parolee to help him form those habits of good conduct which will qualify him as a law-abiding member of society."

In *Com. ex rel. O'Leary v. Ashe,* supra, 152 Pa. Superior Ct. 322, 324, 32 A. 2d 36, 37, allocatur refused (decided after *Com. ex rel. Banks v. Cain,* 345 Pa. 581, 28 A. 2d 897), we held that "The time the prisoner is out on parole is not regarded as *imprisonment, to be*

*credited on his sentence or sentences,* when he is recommitted for conviction of a crime while out on parole. Com. ex rel. Lerner v. Smith, Warden, 151 Pa. Superior Ct. 265, 270-272, 30 A. 2d 347; Anderson v. Corall, 263 U. S. 193, 196."

In *Anderson v. Corall,* 263 U. S. 193, 44 S. Ct. 43, 68 L. Ed. 247, cited in *Com. ex rel. Banks v. Cain,* supra, 345 Pa. 581, 28 A. 2d 897, for the statement that parole, while a provisional release from confinement, is in legal effect imprisonment, the prisoner was allowed to go out on parole under the Act of June 25, 1910 (36 Stat. at L. 819, chap. 387), as amended, which provided (section 6) that if the parole is revoked "the said prisoner shall serve the remainder of the sentence originally imposed; and the time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced." While on parole, Corall, the prisoner, committed other crimes, and his parole was revoked and terminated. The Supreme Court of the United States held that the parole board could properly require the prisoner to serve the remainder of the sentence originally imposed without any allowance for the time he was out on parole, and said, page 196 of 263 U. S., page 254 of 68 L. Ed: "Mere lapse of time without imprisonment or other restraint contemplated by the law does not constitute service of sentence. Escape from prison interrupts service, and the time elapsing between escape and retaking will not be taken into account or allowed as a part of the term. Dolan's Case, 101 Mass. 219, 222; Petition of Moebus, 73 N. H. 350, 352, [62 Atl. 170.] The parole authorized by the statute does not suspend service or operate to shorten the term. While on parole the convict is bound to remain in the legal custody and under the control of the warden until the expiration of the term, less allowance, if any, for good conduct. While this is an amelioration of punishment, it is in legal effect

imprisonment. The sentence and service are subject to the provision of §6 that if the parole be terminated, the prisoner shall serve the remainder of the sentence originally imposed without deduction for the time he was out on parole . . . His status and rights were analogous to those of an escaped convict."[1]

Under section 14 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 3, 1915, P. L. 788, and as supplied by the Act of May 1, 1929, P. L. 1182, 61 PS §§309, 310, where a parolee is recommitted for a breach of his parole consisting of a violation of a rule of the Pennsylvania Board of Parole, the remainder of the period equal to the parolee's maximum term which he must serve is to be computed from the date of his arrest for such breach of parole, thus giving credit against the unexpired maximum term of his sentence for the time he was out of prison as the result of a parole and not having committed a crime punishable by imprisonment. *Com. ex rel. Tate v. Burke,* 364 Pa. 179, 71 A. 2d 241.

Under section 10 of the Act of 1911, as amended, where the paroled convict during his parole commits a crime punishable by imprisonment he shall be required to serve for such violation ". . . the remainder of the term (without commutation) which such convict would have been compelled to serve but for the commutation authorizing said parole, . . ." This he is compelled to do, under the circumstances described therein, "by detainer and remand as for an escape."

When the relator was granted a parole he was simply released from prison on specified conditions; his release was at all time revocable for breach of its conditions with the effect which the Act prescribes for

---

[1] In *Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 254, 180 A. 179, 181, this Court said: "The legal effect of a violation of a parole is on the same plane as an escape from penitentiary."

his misconduct. See *Com. ex rel. Wall v. Smith,* 345 Pa. 512, 29 A. 2d 912.

The duration of the sentence imposed on a prisoner is not extended by section 10 of the Act of 1911, as amended; it follows that there is no invasion of judicial power. The maximum duration of relator's sentence in the present case is seven years. It is true that the expiration date of his maximum sentence is reached at a later time than if he had remained in prison with no parole interruption for seven consecutive years. But this results from relator's breach of condition of the parole granted to him as a matter of grace. "The grace extended by parole is the grace of the law and not of the Board; . . .": *Com. ex rel. Tate v. Burke,* supra, 364 Pa. 179, 185, 71 A. 2d 241, 244.

In *Narcise v. Board of Trustees, Eastern State Penitentiary,* supra, 137 Pa. Superior Ct. 394, 400, 9 A. 2d 165, 167, we said: "The parolee has been given, as an act of grace, a conditional opportunity to reenter society and rehabilitate himself. If he breaks faith with society by again committing crime he shows the trust in him to have been misplaced, and because of his breach of condition, he is required to serve the maximum term of his original imprisonment, without commutation."

The maximum term of the sentence to be served by relator, however, remains as originally imposed. And it was imposed under the legal contemplation of the Act of 1911 and its amendments, and the various provisions thereof, including the provisions of section 10 which subsequently became applicable to the relator.[2] In *Com. ex rel. Banks v. Cain,* supra, 345 Pa. 581, 587, 588, 28 A. 2d 897, 901, the Supreme Court said: "It was well said in

---

[2] "The provisions of the parole and probation acts are as much a part of his sentence as if written into it": *Com. v. Renya,* 91 Pa. Superior Ct. 90, 94.

State v. Page, 60 Kan. 664, 668, 57 P. 514, 516: 'It is not . . . an interference with judicial authority, nor an assumption of judicial power, for the supervisors of penal institutions to administer the very conditions of punishment or clemency which the law prescribed and itself wrote into the judge's sentence. Where conditions of punishment are beforehand prescribed, and form constituent parts of the sentence of conviction, it is not an assumption of judicial power for an administrative officer, acting within the law and the terms of the sentence, to take upon himself the task of ascertaining whether the conditions have been observed.' While the court determines the guilt or innocence of the accused and pronounces upon the guilty the penalty provided by law, the manner of executing the sentence is prescribed by the legislature, to be put in force and effect by administrative officers."

We find nothing constitutionally objectionable in section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305. The Act of August 6, 1941, P. L. 861, §17, as amended, 61 PS §331.17, requires no comment.

Order of the court below is affirmed.