**UNITED STATES ex rel. CAUDRON v. COMMONWEALTH OF PENN-SYLVANIA et al.**

Civ. A. No. 9112.

United States District Court
W. D. Pennsylvania.

April 4, 1951.

Edward T. Tait, Kountz, Fry & Meyer, Pittsburgh, Pa., for petitioner.

Edward L. Willard, Dist. Atty. of Centre County, Bellefonte, for respondent.

McVICAR, District Judge.

The petitioner, Roman Caudron, is at present in prison at the Western State Penitentiary as a result of sentences imposed by the Courts of Clearfield, Westmoreland and Centre Counties, Commonwealth of Pennsylvania. The events giving rise to the instant petition can be briefly summarized as follows:

On December 26, 1942, the petitioner was arrested by State authorities. At that time he was on parole and still had approximately three years of his original sentence to serve. Two indictments were returned against him by the Courts of Clearfield County, No. 14 February Sessions, 1943 and No. 17 February Sessions, 1943. To both of these the petitioner pleaded guilty and was sentenced to serve a term of three to six years, each to run concurrently. An indictment was returned by Centre County, No. 20 February Sessions, 1943 and a sentence was imposed upon it of three to six years, effective at the expiration of the Clearfield County sentence. Westmoreland County also indicted the petitioner at 107 February Sessions, 1943. The sentence imposed by this Court was three to six years, effective at the expiration of the Clearfield County sentence. On January 5, 1944, the Parole Board of Pennsylvania notified the petitioner that al-

though he was sentenced by the Court above indicated effective December 26, 1942, he would have to serve the unexpired time of his parole before the new sentences would take effect. As a result, the petitioner's minimum sentence will expire December 26, 1951, instead of December 26, 1948, originally imposed by the aforementioned Courts. Petitioner does not question the validity or the power of the Parole Board to change the effective date of sentences imposed in Indictment No. 14 and Indictment No. 17 by Clearfield County. This procedure is in accord with the Pennsylvania statute effective June 19, 1911, P.L. 1055, which was amended by the Act of June 22, 1931, P.L. 862, Sec. 1, 61 Purdon's Statutes, § 305, and has been sustained by both the Courts of the Commonwealth and of the United States. See Commonwealth ex rel. Lerner v. Smith, 151 Pa.Super. 265, 30 A.2d 347; United States ex rel. Carmelo v. Burke, 172 F.2d 213. Nor does the petitioner question the validity of the sentences imposed by the Courts of Westmoreland and Centre Counties. Petitioner does, however, attack the validity of those indictments returned by the Courts of Clearfield County. Indictment No. 14 of Clearfield County was neither signed by the District Attorney of the county nor by the foreman of the Grand Jury; no witnesses' names appear on it nor that of a private prosecutor. Without doubt this indictment was defective. It amounted to not much more than a blank sheet of paper to which the petitioner pleaded guilty. Indictment No. 17 of Clearfield County, however, possesses all the requisites of a valid indictment, save for the fact that there is no waiver of finding of a true bill by the Grand Jury. In all other respects it is in complete accord with all the technical requirements of an indictment: it sets forth a clearly defined offense to which the petitioner has signified his plea of guilty by his signature on the indictment. The waiver of a finding of a true bill by the Grand Jury is not such a substantial omission as to warrant voiding the sentence. It amounts to a technical flaw and was cured by the plea of guilty. This Court is of the opinion that Indictment No. 17 is a valid indict-

ment. Since the sentences imposed upon No. 14 Indictment and Indictment No. 17 of Clearfield County were to run concurrently, the fact that No. 14 is defective and a nullity would have no effect upon the legality of the petitioner's imprisonment. Indictment No. 17 being a valid indictment, alone, is sufficient to sustain his incarceration. Therefore, there has been no denial of due process by the Courts of Clearfield County.

 In addition to the above, it can be added that the petitioner is now serving sentences imposed by Centre County and Westmoreland County, neither of which is subject to attack. If it were held that Indictment No. 14 and Indictment No. 17 of Clearfield County were defective, it would have no effect upon the petitioner's present status as he is now being imprisoned by virtue of the sentences imposed by the Courts of Westmoreland County and Centre County. The rule to show cause should be discharged and the prayer of the petitioner denied.