## Commonwealth ex rel. Magarahan, Appellant, *v.* Burke.

Submitted March 24, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Charles Magarahan,* appellant, in propria persona, and *Herman I. Pollock,* submitted a brief.

*Richardson Dilworth,* District Attorney, *Michael von Moschzisker,* First Assistant District Attorney and *Malcolm Berkowitz,* Assistant District Attorney, for appellee, submitted a brief.

OPINION BY RHODES, P. J., July 17, 1952:

This is an appeal from the order of the Court of Common Pleas No. 5 of Philadelphia County dismissing relator's petition for writ of habeas corpus. A rule to show cause was allowed upon filing of the petition, and a hearing was held at which relator was present and testified.

Relator's contention is that he has been arbitrarily denied credit for the time spent on parole, and that he should have been discharged on April 5, 1951. The facts are not in dispute.

Relator was arrested on March 26, 1941, and entered a plea of guilty on bill of indictment No. 171,

April Sessions, 1941, charging burglary and receiving stolen goods, in the Court of Quarter Sessions of Philadelphia County. He was sentenced to a term of not less than two years nor more than ten years in the Eastern State Penitentiary.

After having served his minimum term, relator was paroled on April 5, 1943, from the penitentiary. Thereafter, while on parole, he was convicted of an offense in Wyoming for which he was sentenced to imprisonment for thirty days. The record does not disclose the nature of this offense. On November 1, 1946, relator was convicted of forgery of United States government checks in United States District Court in Boise, Idaho. This offense had been committed also in Wyoming. He was sentenced to serve nine months in the federal penitentiary at McNeil Island, Washington. After serving this sentence relator, on January 13, 1949, was arrested on a charge of grand larceny at Logan, Utah. The charge was dismissed on or about January 22, 1949, but relator was held on detainer for the Pennsylvania Board of Parole. On or about February 10, 1949, relator, while confined in the Logan County Jail, at Logan, Utah, escaped; but he was apprehended and returned to confinement. On February 13, 1949, relator was convicted of escape and injuring jail property, and sentenced to a term not exceeding five years in the Utah State Penitentiary. On January 16, 1951, relator was paroled and released to the custody of the Pennsylvania authorities. He was thereupon returned to the Eastern State Penitentiary, from which he had been paroled, for the service of the balance of his maximum sentence remaining as of the time the parole was granted without credit for the time on parole.

Relator's argument is to the effect that section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, is not applicable to him as a parole violator upon his return to the Eastern State Penitentiary

from which he had been paroled, because he was a prisoner and not a parolee at the time he committed the offense of prison breach. Apart from his conviction in Utah, a determinative fact in this case is that relator committed at least one other crime while on parole, for which he was convicted and sentenced to serve a term of nine months in the federal penitentiary at McNeil Island, Washington. Under the applicable Act of Assembly, relator therefore *"shall . . . be compelled . . . to serve . . . the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole, . . ."* [Italics supplied.] Section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305; *Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347; *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 78 A. 2d 20; *Com. ex rel. Kent v. Smith,* 323 Pa. 89, 186 A. 812; *Com. ex rel. Tate v. Burke,* 364 Pa. 179, 182, 71 A. 2d 241. It follows that he is entitled to no credit on his maximum sentence for the time he was not a violator by crime while out on parole or for the years spent in confinement in the Utah Penitentiary.

Relator questions the constitutionality of the statutes relating to parole. It is sufficient to refer to *Com. ex rel. Banks v. Cain,* 345 Pa. 581, 28 A. 2d 897, in which our Supreme Court upheld generally the constitutionality of the Parole Act of August 6, 1941, P. L. 861, 61 PS §331.1 et seq. In *Com. ex rel. Carmelo v. Burke,* supra, 168 Pa. Superior Ct. 109, 78 A. 2d 20, this Court specifically held that section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, was not constitutionally objectionable.

Relator presented no further facts in his petition or at the hearing on the petition in the court below which raise any question of due process.

Order of the court below is affirmed.