## Commonwealth ex rel. Brawner, Appellant, *v.* Day.

Submitted March 22, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Thomas H. Brawner,* appellant, in propria persona.

*F. Emmett Fitzpatrick, Victor Wright,* and *Christopher F. Edley,* Assistant District Attorneys, *Vincent G. Panati,* First Assistant District Attorney, *James N. Lafferty,* Deputy District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY GUNTHER, J., July 17, 1956:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County dismissing a petition for writ of habeas corpus.

On July 10, 1941, relator was sentenced in the Court of Oyer and Terminer of Delaware County on four bills of indictment (Nos. 197, 198, 199 and 203, June Sessions, 1941) charging three separate burglaries and lar-

cenies and a charge of aggravated assault and battery. The sentences on Nos. 197, 198 199 were consecutive, each for a term of imprisonment in the Eastern State Penitentiary of not less than two years nor more than four years; the sentence on 203 was for a term of not less than 6 months nor more than one year, to begin at the expiration of the sentence imposed at No. 199. Under the Act of June 25, 1937, P. L. 2093, 19 P.S. 897, these sentences were compiled for parole purposes by the prison authorities as a minimum of six and one-half years and a maximum of 13 years. His maximum sentence would have expired on March 15, 1954, but on July 21, 1948, relator was paroled and at that time there remained a period of five years and seven months of his maximum sentence unserved.

While on parole, on April 2, 1952, relator was sentenced in the Court of Oyer and Terminer of Philadelphia County at No. 1390 March Sessions, 1952, charging burglary with intent to commit a felony, for a term of not less than five years nor more than ten years in the Eastern State Penitentiary. By inadvertence, this sentence was made effective from March 21, 1952, and when this error was raised in a habeas corpus proceeding filed by relator at No. 5614 March Term 1955, the sentence was modified so as to become effective from the expiration for violation of parole and in accordance with the Act of June 19, 1911, P. L. 1055, as amended, 61 P.S. 305.

The present proceedings were brought in which relator challenged the right of the court below to modify his sentence so as to make it effective from the unexpired term to be served for parole violation and also challenged the right of authority of the prison officials to change the expiration times of his sentences.

As to his first contention, this Court has ruled that a subsequent designation as to the order of serving a

sentence was not a change thereof after the expiration of the term at which such was imposed but merely a reference to the manner and order of service provided by law. Since section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 P.S. 305, specifically provides that a convict sentenced for a crime committed during parole must serve the unexpired portion of his original sentence before commencing to serve the sentence imposed for a crime committed while on parole, such latter sentence cannot be concurrent. *Commonwealth ex rel. Graham v. Claudy,* 171 Pa. Superior Ct. 562, 91 A. 2d 389. This Act is constitutional: *Commonwealth ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 78 A. 2d 20; *Commonwealth ex rel. Magarahan v. Burke,* 171 Pa. Superior Ct. 111, 90 A. 2d 247. And such convict is not entitled to receive credit for time spent on parole: *Commonwealth ex rel. Carmelo v. Burke,* supra; *Commonwealth ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347.

The second contention is also without merit: Since the Act of June 25, 1937, P. L. 2093, 19 P.S. 897, where consecutive sentences are imposed at the same time, the prison authorities are required to aggregate the sentences to a total minimum and total maximum in order to compute for parole purposes the time when an inmate may be considered for parole. *Commonwealth ex rel. Tiscio v. Burke,* 173 Pa. Superior Ct. 350, 98 A. 2d 760. Such a procedure neither increases nor diminishes the sentences as originally imposed. Relator, having violated his parole by committing another crime, was required to serve the unexpired sentence from which he was paroled and the prison authorities were required, under the Act of June 19, 1911, P. L. 1055, as amended (61 P.S. 305), to postpone the effective date of the new sentence until the prior sentence has been fully served or until re-paroled from such sentence. Having com-

plied with the clear mandate of the Act, the prison authorities are not subject to attack, and the relator's contention relating to such action is without merit.

The order of the court below is affirmed.