## Commonwealth ex rel. v. Cavell

*E. C. Boyle,* district attorney; *W. C. Smith, W. G. Freeland,* assistant district attorneys, for respondent.

GRAFF, P. J., (specially presiding), August 13, 1956. —Petitioner filed this petition for a writ of habeas corpus alleging that he is illegally confined in the Western State Penitentiary. A hearing was had on the matter upon June 28, 1956, and thereafter the petition was dismissed, with no opinion having been filed.

Subsequently thereto petitioner has taken an appeal to the Supreme Court of Pennsylvania, and the following opinion is now to be filed.

The petition raises a question of law which we believe to have been previously decided by the Superior Court of Pennsylvania.

Inasmuch as no testimony was offered, the presence of petitioner at the hearing was unnecessary. At the hearing said petitioner was represented by counsel,

who frankly stated that he could see no merit in the writ.

Ellwood Marsh, together with John Henry Hill, were charged with the commission of the crime of murder in the perpetration of a robbery, at no. 82 September sessions, 1942, in the Court of Oyer and Terminer of Allegheny County. Upon October 13, 1942, they pleaded guilty generally to the indictment, and were adjudged guilty of murder of the first degree, with the penalty of life imprisonment. Upon the same date Ellwood Marsh was sentenced to undergo imprisonment in the Pennsylvania Industrial School at Camp Hill, as the law directs for the crime of murder, for the term of his natural life. At this time Marsh had not reached the age of 21. Upon February 15, 1944, by order of the Secretary of Welfare, Marsh was transferred to the Western State Penitentiary at Pittsburgh. It is contended the sentence to the Pennsylvania Industrial School constituted simple imprisonment, and the imprisonment which he is now undergoing in the Western State Penitentiary is separate and solitary confinement and, therefore, the transfer is illegal.

The legislature may provide that upon the occurrence of certain conditions a place of confinement of prisoners may be changed: Commonwealth ex rel. v. Burke, 169 Pa. Superior Ct. 263.

The precise question raised by petitioner has been disposed of by the Superior Court in Commonwealth ex rel. v. Claudy, 173 Pa. Superior Ct. 410. In that case relator was sentenced on a plea of guilty to the crime of burglary to the Pennsylvania Industrial School at Camp Hill. Subsequently he was transferred to the Western State Penitentiary. The court in that case states upon page 415 as follows:

"Relator argues that his transfer to the penitentiary was in effect a new sentence and was a 'clear infringement of the judicial function by an administrative

body.' Such transfers have heretofore been approved by this court: Com. ex rel. Williamson v. Burke, supra; Com. ex rel. Popovich v. Claudy, 170 Pa. Superior Ct. 482, 87 A. 2d 489; Com. ex rel. Reggie v. Burke, 170 Pa. Superior Ct. 647, 90 A. 2d 385; Com. ex rel. Brough v. Burke, supra. The constitutionality of the legislation in question has been upheld in Com. ex rel. Carmelo v. Burke, 168 Pa. Superior Ct. 109, 78 A. 2d 20, and Com. ex rel. Magarahan v. Burke, 171 Pa. Superior Ct. 111, 90 A. 2d 247." See also Commonwealth ex rel. v. Burke, 172 Pa. Superior Ct. 39.

It is entirely clear under the authorities that relator is not illegally confined in the Western State Penitentiary, and that his petition is without merit.