# Commonwealth ex rel. Richardson v. Johnston

*Robert M. Richardson*, p. p.
*Marshall B. DeForrest*, for defendant.

HIMES, P. J., June 5, 1958.—Relator, a parole violator, presented a petition alleging that he is unjustly confined in the State Penitentiary at Rockview, praying that a writ of habeas corpus be granted. After careful consideration of the allegations of fact set forth in the petition, an order was entered on April 17, 1958, dismissing the petition from which order an appeal has been taken to the Superior Court of Pennsylvania.

The record in this case discloses that on June 30, 1952, petitioner was sentenced to the penitentiary for a term of not less than one nor more than five years, and the sentence was made effective as of June 22, 1952; he was released on parole on June 22, 1953; on March 2, 1957, he entered a plea of guilty in the Court of Quarter Sessions of Huntingdon County to the charge of operating a motor vehicle while under the influence of intoxicating liquor for which offense he served 30 days in the county jail, and thereafter, by reason of this new conviction, he was returned to the Western State Penitentiary as a parole violator.

In his petition it is alleged as follows: "Petitioner went before the Board of Parole in June 1957 at the Western State Penitentiary at Pittsburgh, Pennsylvania. The Parole Board gave the petitioner additional time of four years to begin April 2, 1957, and this new maximum date was set ahead to expire April 2, 1961."

It is petitioner's contention that his maximum sentence expired June 22, 1957.

Assuming all the allegations of fact set forth in the petition to be true, the question for determination is: Where the parole of a prisoner sentenced to a State penitentiary has been revoked for the commission of another crime, can he be imprisoned for a further period equalling the remainder of the maximum sentence not served when the parole was granted, without allowance of credit for the time he was out on parole and not delinquent, or must he be discharged at the expiration of the maximum period, computed from the date of sentence?

The answer to this question depends upon the interpretation of section 10 of the Probation Act of June 19, 1911, P. L. 1055, as finally amended June 22, 1931, P. L. 862, sec. 1, 61 PS §305. This statute was construed and the question at issue in this proceeding was answered in plain and unmistakable language in the opinion of the Superior Court in the case of Commonwealth ex rel. Meinzer v. Smith, Warden, 118 Pa. Superior Ct. 250, 254, in which it was stated: "We think it is plain that 'remainder of the term' refers to the portion of the sentence actually left on the date of the release on parole and not on the date of violation of the parole. If one is given a sentence in the penitentiary for not more than eight years nor less than four years, and is let out on parole at the end of four years, the term unexpired is four years. That remainder is not changed or lessened until it is reduced by further

actual service." The decision in the Meinzer case has been cited with approval by both the Superior and Supreme Courts of this Commonwealth, and it remains the law today. See Commonwealth ex rel. Carmelo v. Burke, 168 Pa. Superior Ct. 109, 78 A. 2d 20, and Commonwealth ex rel. Tate v. Burke, 364 Pa. 179, 71 A. 2d 241. No useful purpose will be served by a recital of further cases relating to this subject.

The prothonotary of this court will forward a copy of this opinion to petitioner and notify the District Attorney of Huntingdon County of the filing of this opinion.