**David James WASSELL, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Pennsylvania Board of Probation and Parole and the Pennsylvania Department of Corrections, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 16, 1994.

Decided April 27, 1995.

---

John A. Bacharach, for petitioner.

Clifford D. Swift III, Asst. Counsel, for respondents.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Before this Court in its original jurisdiction are the consolidated preliminary objections of the Department of Corrections and the Pennsylvania Board of Probation and Parole to the petition of David James Wassell (Petitioner) for writ of mandamus.

Petitioner alleges the following facts. Petitioner was a prisoner at the State Correctional Institution at Pittsburgh when he was released on parole on May 26, 1990. On October 27, 1991, Petitioner was arrested for committing burglary. On June 1, 1992, Petitioner was again arrested for burglary. He was lodged in the Allegheny County jail as of July 3, 1992.[1]

Petitioner pled guilty to the October 1991 charges. He was sentenced by Judge Joan Orie Melvin on December 4, 1992, to three concurrent terms of imprisonment for 18–36 months, with credit for time served from July 3, 1992, to November 16, 1992.[2] (This sentence will hereinafter be referred to as the "Melvin sentence.")[3]

Petitioner pled guilty to the June 1992 burglary charge, and on October 20, 1993, while still in jail for the October 1991 charges, was sentenced by Judge Kathleen Durkin to 21–42 months with credit for time served. (This sentence will hereinafter be referred to as the "Durkin sentence.") According to Petitioner, the Durkin sentence was to run concurrently with the Melvin sentence.

On June 7, 1994, Petitioner filed a complaint for a writ of mandamus,[4] seeking to have this Court order the Department to correct or amend its records to give Petitioner credit on the Durkin and Melvin sentences pursuant to the sentencing orders.

---

1. It is unclear from the record exactly when Petitioner was in jail during this period, and when Petitioner was not in jail. We have taken dates and noted facts as related by Petitioner. These facts are not challenged by the Department in this appeal.

2. There is no explanation in the record why this period of credit ends on November 16, 1992.

3. On January 22, 1993, the Board lodged a warrant to commit and detain Petitioner, and on March 5, 1993, held a parole revocation hearing. The Board revoked Petitioner's parole as of April 2, 1993, and ordered him to serve fifteen months of backtime. Petitioner was reparoled on July 2, 1994.

4. This Court, on June 8, 1994, ordered this petition to be treated as a petition for review addressed to our original jurisdiction under Section 761 of the Judicial Code, 42 Pa.C.S. § 761, and Pa. R.A.P. 1502.

In their briefs, Petitioner and the Department agree that a portion of the dispute involving the credit for the Melvin sentence has been resolved. Thus, Petitioner's sole remaining argument is that he is entitled to credit on the Durkin sentence for time spent in prison from December 4, 1992, when he received the Melvin sentence, until October 20, 1993, when he received the Durkin sentence. He seeks this Court to order the Department to amend its records accordingly.

Before us now, are the consolidated preliminary objections of the Department and the Board.[5] The objection, in the nature of a demurrer, raises two issues: (1) Petitioner has failed to exhaust his administrative remedies, and (2) Petitioner has failed to present a clear right to the relief requested.

Mandamus is an extraordinary writ. *Bronson v. Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981). It will only be granted to compel performance of a ministerial duty where the plaintiff establishes a clear legal right to relief and a corresponding duty to act by the defendant. *Waters v. Department of Corrections*, 97 Pa.Commonwealth Ct. 283, 509 A.2d 430 (1986). Mandamus is not proper to establish legal rights, but is only appropriately used to enforce those rights which have already been established. *Id.*

The Department, in its brief in support of the preliminary objections, argues that Petitioner has failed to show that he has a clear right to relief. We agree.

The computation of service of sentences by the sentencing judge has been delineated by

Pa.R.Crim.P. 1406. The rule provides, in relevant part:

(c) When, at the time sentence is imposed, the defendant is imprisoned under a sentence imposed for any other offense or offenses, the instant sentence which the judge is imposing *shall be deemed to commence from the date of imposition thereof* **unless** the judge states that it shall commence from the date of expiration of such other sentence or sentences.

Pa.R.Crim.P. 1406(c) (emphasis added). The Superior Court in *Commonwealth ex rel. Lerner v. Smith*, 151 Pa.Superior Ct. 265, 30 A.2d 347 (1943), explaining earlier sentencing legislation with similar language,[6] noted that:

As a general rule, in the absence of a statute, the sentence imposed begins to run from the date of imposition. By section 1 of the Act of 1937, 19 P.S. § 894, sentence begins to run and is computed from the date of commitment, in default of bail or otherwise, for the offense on which the convict is sentenced. Thus he is given what is equivalent to a credit on his sentence for the period of actual imprisonment before the imposition of sentence.... The statute continues by providing that if the person sentenced shall then be undergoing imprisonment under a sentence for any other offense or offenses the court shall have discretion to compute the sentence either from the date of imposition or from the expiration of the previous sentence or sentences. In this event no credit is given for the period of imprisonment before the second or subsequent conviction as the individual is already *in prison* under sentence imposed for other offense or offenses.... The latter part of section 1 of the Act of 1937, 19 P.S. § 894, would apply,

---

5. In his original petition, Petitioner sought an order requiring the Board to revoke the revocation of his parole alleging that the notice of revocation was unreasonably and untimely delivered to Petitioner. This allegation was dropped from his amended petition, and Petitioner does not seek any relief in this respect from the Board.

6. The Act of May 28, 1937, P.L.283, *as amended*, 19 P.S. § 894, provided:

Section 1. Be it enacted, ..., That from and after the passage of this act, all sentences for criminal offenses of persons who at the

time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be *imposed, unless the person sentenced shall* then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, *as the court shall, in its discretion direct.* (Emphasis added.)

for example, where a person is serving a sentence in prison and is convicted while so detained for another crime. . . . Under such circumstances there would be no date of commitment from which the new sentence could be computed, but the court would have the discretion to direct that the second term should begin at the expiration of the first or run concurrently with the first from the date of imposition of the second.

*Id.* at 270–71, 30 A.2d at 350 (emphasis in original). The language of Pa.R.Crim.P. 1406 is not significantly different from the language in the Act of 1937. Under that rule, where someone is already serving a sentence for a previous offense, as was Petitioner here, the sentencing judge may direct the sentence to commence after the expiration of the first consecutive sentence, or else the sentence begins *as of the date of imposition.* Pa.R.Crim.P. 1406(c).

Accordingly, the Durkin sentence began to run as of the day it was imposed, October 20, 1993; from that time forward it runs at the same time as the Melvin sentence, rather than beginning at the conclusion of the Melvin sentence, pursuant to Pa.R.Crim.P. 1406(c). Accordingly, Petitioner is not entitled to credit for the period of time between the imposition of the Durkin and the Melvin sentences.

Petitioner argues that the trial judge has the discretion to direct the commencement date of a sentence under Pa.R.Crim.P. 1406(b), because it provides that the commencement date of a sentence "shall be specified by the judge." In this case, he contends, Judge Durkin intended his sentence to commence prior to the date it was imposed. First, Petitioner has failed to provide a copy of this order, so it is impossible for this Court to interpret what Judge Durkin intended. Second, the language cited by Petitioner in Rule 1406 merely requires the trial judge to specify the date of commencement in the sentencing order; it does not grant absolute discretion.

■ Third, and most important, Petitioner has not pointed us to any statute which authorizes the sentencing judge to provide a prisoner with credit for time served on an-

other unrelated offense. Section 9760 of the Judicial Code, 42 Pa.C.S. § 9760, allows for time credit in four sets of circumstances:

(1) Credit against the . . . term . . . shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a sentence is imposed or as a result of the conduct on which such a charge was based. . . .

(2) Credit . . . shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. . . .

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attach, credit . . . shall be given for all time served in relation to the sentence set aside. . . .

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit . . . shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

None of these situations in Section 9760 applies to Petitioner's situation. Time spent in custody between the Melvin and the Durkin sentences was "as a result of" the October 1991 charges for burglary, not the unrelated June 1992 burglary charges. Petitioner has not been reprosecuted or resentenced on any charge, nor have either of his sentences been subjected to collateral attack. The fourth credit scenario makes it clear that time credit on a sentence can only be given when it has not already been credited against another sentence. There is simply no statutory provision which would permit a sentencing judge to either commence a second sentence retroactively, *i.e.*, to have it commence at the same time as a prior sentence, or to provide credit for time served on a prior unrelated charge.

Accordingly we find that Petitioner has failed to establish the clear right to relief necessary to maintain an action in manda-

mus, and therefore we sustain the Department's preliminary objection.[7]

## ORDER

NOW, April 27, 1995, the consolidated preliminary objections of the Department of Corrections and the Board of Probation and Parole in the above-captioned matter are hereby sustained, and the petition of James Wassell is dismissed.

---

**7.** Because of our disposition on this issue, we need not reach the Department's argument based on Petitioner's failure to exhaust administrative remedies.