J-S23015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN JOEL PUPPO | |
| Appellant | No. 3136 EDA 2016 |

Appeal from the Judgment of Sentence June 2, 2016
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0001138-2014

BEFORE:  OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 19, 2017**

Appellant, Jonathan Joel Puppo, appeals from the judgment of sentence entered on June 2, 2016 in the Criminal Division of the Court of Common Pleas of Carbon County.  We affirm.

The facts and procedural history in this case are as follows.  In 2014, Appellant was serving a probationary sentence at docket number CP-13-CR-200-2011 (CR-200-2011) because of a conviction arising from the unlawful sale of a firearm.  After he incurred new charges, including aggravated assault charges in the present case at docket number CP-13-CR-0001138-2014 (CR-1138-2014), Appellant was remanded to the custody of the Carbon County Detention Facility.  On January 15, 2015,

Appellant signed a stipulation agreeing to waive his right to a *Gagnon II*[1]

hearing. At that time, Appellant received a violation of probation (VOP)

sentence of six to 12 months' incarceration, which was deemed to

commence on November 3, 2014. On May 13, 2015, approximately six

months later (and shortly after the minimum term on Appellant's VOP

sentence expired), Joseph Bettine of the Carbon County Adult Probation

office visited Appellant in jail. The trial court summarized that visit as

follows:

> During the visit, [Appellant] indicated to Mr. Bettine that he wanted to [serve the maximum term of his VOP sentence] because he knew he would not be released due to the new charges [filed in] the present case[, CR-1138-2014]. Mr. Bettine responded that that would be acceptable. There was no discussion clarifying whether [Appellant] would receive credit for time served in the present case without being paroled for the sentence he was then serving for CR-200-2011. As a result of that conversation, [Appellant] never applied for nor received parole, and he served the remainder of his [maximum 12-month VOP sentence].

Trial Court Opinion, 11/16/16, at 2 (footnotes omitted).

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (noting that probationer is entitled to two hearings, a pre-revocation hearing and a final revocation hearing, before a final revocation decision can be made).

On January 19, 2016, Appellant pled guilty to aggravated assault in CR-1138-2014.[2]   Thereafter, on June 2, 2016, the trial court sentenced Appellant to 15 to 30 months' incarceration, followed by one year of state probation in the present case.  The court also awarded Appellant 210 days credit toward his sentence.

Appellant filed a post-sentence motion on June 10, 2016.  In his motion, Appellant argued that he should receive credit for time served in the amount of 187 days for the period from May 3, 2015 to November 5, 2015, which essentially represents the balance of Appellant's VOP sentence at CR-200-2011 following the visit by Mr. Bettine.  Appellant also argued that the trial court should reconsider his eligibility for a motivational boot camp program, the Recidivism Risk Reduction Incentive (RRRI) program, and state intermediate punishment.

Following a hearing on August 19, 2016, the court, on August 30, 2016, entered an order granting partial relief on Appellant's post-sentence motion.   Specifically, the court denied Appellant's request for state intermediate punishment, as well as his request to participate in the RRRI program.  The court also denied Appellant's request for additional credit for

---

[2] Appellant simultaneously entered guilty pleas at two separate docket numbers.  As neither of these convictions nor sentences play any role in our analysis herein, we shall not refer to them further.

time served. The court granted Appellant's request to be considered for the boot camp program.

Appellant filed a timely notice of appeal on September 27, 2016.[3] That same day, the court instructed Appellant to file, within 21 days, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant's concise statement filed on October 27, 2016 included the issues raised in his brief. The trial court issued its Rule 1925(a) opinion on November 16, 2016. Appellant's claims are now ripe for our review.[4]

In his first issue, Appellant alleges that the trial court erred in refusing to award him credit for time served in the Carbon County Correctional

_____

[3] On August 29, 2016, Appellant's counsel withdrew and discontinued a prior appeal filed on June 29, 2016.

[4] In its opinion, the trial court initially argues that because Appellant filed his concise statement nine days after the court's deadline, the untimely submission waived review of Appellant's claims. **See** Trial Court Opinion, 11/16/16, at 5. In his brief, Appellant responds that he did not waive appellate review since neither he nor his counsel received a copy of the court's September 27, 2016 order. **See** Appellant's Brief at 7. It is well-settled that "[a] claim based upon the failure to give credit for time served is a challenge implicating the legality of one's sentence." **Commonwealth v. Dixon**, 2017 WL 1549015, *1 (Pa. Super. 2017); **Commonwealth v. Tobin**, 89 A.3d 663, 669 (Pa. Super. 2014). A challenge to the legality of a sentence is appealable as of right and is not subject to waiver even if the appellant omits the claim from his concise statement. **Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008), *aff'd*, 17 A.3d 332 (Pa. 2011); **see also Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014) (claim that implicates legality of sentence cannot be waived and need not be properly preserved before the trial court). Since Appellant's time credit claim challenges the legality of his sentence, we decline to find waiver based upon the untimely nature of his concise statement.

Facility from May 3, 2015 through November 5, 2015, a period of 187 days. *See* Appellant's Brief at 4. Appellant's second issue asserts that he is entitled to resentencing under the circumstances of this case. *Id.*

Our scope and standard of review for illegal sentence claims is as follows:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Dixon*, 2017 WL 1549015, at *1, *citing Commonwealth v. Leverette*, 911 A.2d 998, 1001–1002 (Pa. Super. 2006).

Pennsylvania courts award credit for time served pursuant to 42 Pa.C.S.A. § 9760. It states, in relevant part:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1). "The principle underlying this statute is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." *Commonwealth v. Hollawell*, 604 A.2d 723, 725 (Pa. Super. 1992).

Where an offender is incarcerated on both a probation detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence. *Martin v. Pa. Bd. Of Probation & Parole*, 840 A.2d 299 (Pa. 2003). "A defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." *Commonwealth v. Infante*, 63 A.3d 358, 367 (Pa. Super. 2013). A sentencing court lacks authority to award credit for time served on prior, unrelated charges. *Wassell v. Commonwealth*, 658 A.2d 466, 469 (Pa. Cmmwlth. 1995).

> In rejecting Appellant's claim, the trial court reasoned as follows:
>
> In this case, the time [Appellant] served from May [3], 2015 to November 5, 2015 counted toward his sentence for CR-200-2011 because he was never paroled. Whether the failure to seek parole was the result of negligence or misunderstanding on [Appellant's] part or a miscommunication between [Appellant] and Mr. Bettine of Carbon County Adult Probation cannot be known. In any event, [Appellant] indicated to Mr. Bettine that he wished to [serve the maximum sentence at CR-200-2011] and that he did not want to be paroled. Because [Appellant] was committed for a separate and distinct offense from May [3], 2015 to November 5, 2015, [the trial court] was without authority to award credit for that time served toward the new, unrelated charge in the present case.

Trial Court Opinion, 11/16/16, at 7 (footnote omitted).

We perceive no error in the trial court's determination. Appellant does not contend that he was paroled from his VOP sentence. Without a parole order, it is axiomatic that Appellant's commitment during the challenged

period related exclusively to his VOP sentence and, because of this, the trial court lacked authority to award credit towards the sentence imposed for Appellant's aggravated assault conviction. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2017